IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN C WELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:23-cv-1072 |
| v. | ) Judge Trauger/Frensley |
| | ) |
| WILLIAM LEE, ET AL | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

By Order of October 23, 2023, (Docket No. 6), the Court referred this pro se civil rights complaint under 42 U. S. C. §1983 to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

A review of the docket indicates that Plaintiff has not effectuated service upon the Defendants in this matter, nor have any appearances been filed on behalf of Defendants. The docket for the case indicates that Plaintiff has had no contact with the Court or made any filing since October 16, 2023. Docket No. 1.

Rule 4(m) requires that the defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because the Defendant in this case have not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of

Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). On August 27, 2024, this Court issued a show cause order to Plaintiff indicating the Plaintiff should file a notice with the Court regarding the status of service. The Plaintiff was forewarned that failure to comply with the Federal Rules of Civil Procedure, Local Rules of Court or this Court's orders could result in his claims being dismissed. Plaintiff's failure to provide proof of service to the Court or to otherwise take any activity in the case for almost a year indicates that he has lost interest in prosecuting his case.

For the reasons set forth herein, the Court respectfully recommends this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

                                              **JEFFERY S. FRENSLEY**
                                              **United States Magistrate Judge**